IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COREY JAMAYNE TAYLOR, #1313186, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:10-CV-2009-N (BK) |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Div., | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for findings, conclusions, and recommendation. For the reasons set out below, the Court recommends that the petition be dismissed as barred by the one-year statute of limitations.

**I. BACKGROUND**

Petitioner, a Texas state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division. The Court did not issue process pending preliminary screening.

A jury convicted Petitioner of reckless injury to a child and sentenced him to 17 years' imprisonment. *State v. Taylor*, No. F04-01530 (265th Dist. Court, Dallas County, 2004), *aff'd*, No. 05-04-01799-CR (Tex. App. 2007, pet. ref.) (unpublished). Petitioner then sought state habeas relief under Tex. Code of Crim. Proc. art. 11.07. On October 10, 2007, while his petition for discretionary review was pending, he filed his first state application (or state writ), which the

TCCA dismissed as premature on December 9, 2007. *See Ex parte Taylor*, No. 68,896-01. On September 30, 2009, Petitioner filed a second state application, which the TCCA denied without written order on January 27, 2010. *See Ex parte Taylor*, No. 68,896-02.[1]

On October 6, 2010, Petitioner filed the federal petition presently at issue. In four grounds, he alleges his confession was coerced, the prosecutor failed to disclose favorable evidence, hearsay evidence was improperly presented at trial, and forensic evidence was unavailable.[2]

## II. ANALYSIS

A.  Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the court may raise *sua sponte*. *See* 28 U.S.C. § 2244(d); *Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999). The Court advised Petitioner of the one-year statute of limitations and granted him an opportunity to explain why the petition should not be barred by the statute of limitations or why the limitations period should be tolled on equitable grounds. Petitioner filed a response to the show cause order on December 21, 2010.

In this case, the one-year limitations period is calculated from "the date on which the

---

[1] The Court verified all dates set out in this recommendation on the basis of information available on the Dallas County website (under criminal background information) and the Texas Court of Criminal Appeals website.

[2] For purposes of this recommendation, the federal petition is deemed filed on September 28, 2010, the date Petitioner signed it and presumably handed it to prison officials for mailing. *See* Rule 3(d) of the Rules Governing § 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system).

2

judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A). Subsections 2244(d)(1)(B)-(D) are inapplicable.[3]

Under section 2244(d)(1)(A), Petitioner's conviction became final on June 3, 2008, ninety days after the TCCA refused his petition for discretionary review on March 5, 2008. *See* Sup. Ct. R. 13.1, 13.3; *Clay v. United States*, 537 U.S. 522, 528 n. 3 (2003). The one-year period began to run on June 4, 2008, and expired on June 3, 2009. Because Petitioner filed his first state application before the Fifth District Court of Appeals issued a mandate, statutory tolling is unavailable during the pendency of that application. *See* 28 U.S.C. § 2244(d)(2) (statutory tolling available during pendency of properly filed state application); *Larry v. Dretke*, 361 F.3d 890, 893-95 (5th Cir. 2004) (art. 11.07 application filed *before* issuance of mandate by state court of appeals was *not* "properly filed" and, thus, could not statutorily toll the one-year limitations period). Likewise, statutory tolling is unavailable during the pendency of Petitioner's second state application filed more than three months after the one-year period expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state habeas application filed after federal limitations period expired does not toll limitations period).

In response to the court's show cause order, Petitioner asserts the one-year limitations period began at the conclusion of his state post-conviction proceedings in January 2010, when he had fully exhausted his state court remedies. (Doc. #9 at 1). This assertion is baseless. The

---

[3] Petitioner's pleadings, even when liberally construed, allege no state created impediment under subparagraph (B) that prevented timely filing of the claims. Nor does he base his grounds on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the grounds for relief became or could have become known prior to the date on which Petitioner's conviction became final.

AEDPA one-year period commences upon the conclusion of <u>direct review</u> of a judgment of conviction, or upon the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A); *see Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). The running of the limitations period is suspended while state post-conviction proceedings are <u>pending</u> in any state court. 28 U.S.C. § 2244(d)(2). The United States Court of Appeals for the Fifth Circuit, as well as every other Circuit that has construed § 2244(d), has interpreted it in this way. Accordingly, the federal petition, deemed filed on September 28, 2010, is untimely absent equitable tolling.

B. <u>Equitable Tolling</u>

In light of Petitioner's *pro se* status, the Court liberally construes his pleadings to raise equitable tolling. *See Holland v. Florida*, ___ U.S. ____, 130 S. Ct. 2549, 2560 (2010) (because AEDPA one-year statutory deadline is not a jurisdictional bar, it is subject to equitable tolling in appropriate circumstances). "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations and quoted case omitted).

This case does not present the type of due diligence and extraordinary circumstances required for equitable tolling. *See Howland v. Quarterman*, 507 F.3d 840, 845-46 (5th Cir. 2007) (summarizing cases with due diligence and extraordinary circumstances). The pleadings in this case confirm Petitioner did not act with due diligence, squandering the *entire* one year

4

period.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (habeas petitioner must pursue "process with diligence and alacrity").  Petitioner delayed twenty-one months between the dismissal of his premature writ on December 9, 2007, and the filing of his second writ on September 30, 2009.  His lack of due diligence did not end here.  Following the denial of his second state application, Petitioner waited an additional eight months before mailing his federal petition.  Unexplained delays, however, do not evince due diligence or rare and extraordinary circumstances.  *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999).  "[E]quity is not intended for those who sleep on their rights.  *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

Moreover, Petitioner's *pro se* status, unfamiliarity with the law, and limited eighth grade education do not suffice as a basis for equitable tolling.  *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) (per curiam) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.  It is irrelevant whether the unfamiliarity is due to illiteracy or any other reason.").

Nor is Petitioner entitled to equitable tolling because his first art. 11.07 writ was dismissed as premature.  As noted above, the limitations period began to run six months *after* the dismissal of the premature writ.  Thus, Petitioner had the benefit of the entire one-year period to file a proper state application, but failed to do so.  *Compare Morrison v. Dretke*, 2004 WL 2870060, No. 2:03-CV-0442 (N.D. Tex., Amarillo Div., Dec. 13, 2004) (granting equitable tolling because petitioner did not learn of dismissal of premature state application *before* one-

year period elapsed and, thus, could not have filed timely second writ), *with Kelly v. Quarterman*, 260 Fed. Appx. 629, 631 (5th Cir. 2007) (unpublished per curiam) (denying equitable tolling because petitioner waited about six months after dismissal of premature state application to file a second petition, and then waited four months after dismissal of the second state petition before seeking federal habeas relief).

Clearly Petitioner cannot carry his burden of establishing that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling). Therefore, the District Court should dismiss the petition as time barred.

### III. RECOMMENDATION

For the foregoing reasons, the District Court should **DISMISS** the petition for a writ of habeas corpus as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d).

SIGNED January 24, 2011.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE